IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| SHRED-IT AMERICA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EDWARD MACNAUGHTON; SIH ) <br> LLC; and ACCESS INFORMATION ) <br> MANAGEMENT OF HAWAI`I, ) <br> LLC, ) <br> ) <br> Defendants. ) <br> _____ ) | CV NO 10-00547 DAE KSC |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

On September 30, 2010, the Court heard Plaintiff Shred-it America, Inc.'s Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction. (Doc. # 4.) Milton M. Yasunaga, Esq., Quentin R. Wittrock, Esq., and Brenda Frank, Esq., appeared at the hearing on behalf of Plaintiff; Thomas E. Bush, Esq., and Jason H. Kim, Esq., appeared at the hearing on behalf of Defendant Access Information Management of Hawai`i, LLC, and Miles B. Furutani, Esq., appeared at the hearing on behalf of Defendants Edward MacNaughton and SIH, LLC. After reviewing the motion and the supporting and

opposing memoranda, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion.

On September 24, 2010, Plaintiff Shred-it America, Inc. ("Plaintiff") filed the instant Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction ("Motion") against Defendants Access Information Management of Hawai`i, LLC, Edward MacNaughton and SIH, LLC (collectively, "Defendants"). (Doc. # 4.) On September 28, 2010, Defendant Access Information Management of Hawai`i, LLC, filed a Memorandum in Opposition and Defendants Edward MacNaughton and SIH, LLC, filed a Memorandum in Opposition. (Doc. # 14; Doc. # 18.) Upon review of the Motion the Court **ORDERS** the following:

> (1) Defendants must turn over to Plaintiff a complete list of all customers serviced by Shred-it Hawai`i prior to their acquisition by Access Information Management of Hawai`i.
>
> (2) Defendants must allow Plaintiff to purchase one truck containing a double-shredder at fair market value.
>
> (3) Defendants must turn over to Plaintiff all other proprietary equipment and materials including, but not limited to, Shred-it's manuals, databases, and software. Defendants must also not disclose, replicate, or utilize said proprietary materials.
>
> (4) Defendants must later turn over to Plaintiff the keys to any consoles belonging to customers that Plaintiff is successfully able to solicit into conducting business with them.

(5) Plaintiff and Defendants may not contact the seventeen customers in question until Plaintiff is situated to do business again in Hawai`i.

(6) All customers that are currently receiving shredding services may continue to do so.

(7) Defendants must cease any and all use of the Shred-it trademark. This includes, but is not limited to, logos on equipment and answering the telephone.

(8) Plaintiff must post a bond in the amount of $150,000.

The Court, having carefully considered the relevant positions of the parties and the papers submitted on record, and balancing the equities as well as the need to maintain the status quo pending resolution of this case on the merits, has made the above determination.

To the extent that specific dates, times or amounts need to be determined, those matters may be addressed to U.S. Magistrate Judge Kevin S. C. Chang. Any party dissatisfied with his rulings may, in accordance with the appropriate rules, appeal to this Court.

Finally, the Court emphasizes that the disposition of these preliminary matters is not intended to allocate costs or responsibilities. Such issues remain pending further determination.

As such, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, September 30, 2010.



_____
David Alan Ezra
United States District Judge

Shred-it America, Inc. v. Edward MacNaughton; SIH, LLC; and Access Information Management of Hawai`i, LLC, CV 10-00547 DAE-KSC; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION